*1384 OPINION.
Titus sell :
The contribution of $1,111.60 made to the Chamber of Commerce for the purchase of land to be given to the United States Government for the construction of a cold storage and coal tipple for Government and public use is not a deductible business expense. The testimony shows that man}*- business men of Mobile contributed through civic pride and because the public would benefit thereby, but there is no evidence that petitioner has ever used the coal storage or coal tipple nor that petitioner’s business has derived any benefit therefrom. Petitioner has cited Anniston City Lamd Co., 2 B. T. A. 526, as an authority for his claim, but in that case the taxpayer showed the direct benefits actually derived from the camp, the site of which he contributed toward, and that his sales increased thirty-fold. We believe this contribution falls outside of the range of a reasonable interpretation of “ordinary and necessary expenses.” See Thomas Shoe Co., 1 B. T. A. 124. '
The testimony concerning the coal barge is not as full and complete as might be desired. We know that it was an iron hull *1385 constructed in 1868 and when acquired by petitioner it was in the hands of a salvage concern and that all of its former rigging and equipment had been removed, leaving practically the bare iron hull; that in 1918 when it sank, it was approximately 50 years old and that after its sinking the petitioner allowed it to lie at the bottom of the harbor for nearly two years. -The work done in reconditioning this barge required a period of three months or more at a cost of $25,697.55. The things done are described in the record in some detail and the picture which that description convoys to our mind seems to indicate that the thing done by the contractor was much more in the nature of the building of a new barge out of second hand material than it was in the nature of repairs. And we incline to the view that the petitioner instead of having a deduction for the amount claimed in the year 1920, may more equitably be permitted to recover the amount spent in 1920 in the form of depreciation deductions during the years for which the barge may continue to have a useful life. The deduction claimed should therefore be denied.

Judgment will he entered for the respondent.